UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------x

PATRICIA BAH,

                              Plaintiff,

                       -against-

CITY OF NEW YORK; Police Officer MICHAEL FERBER; (Tax No. 939155); Police Office NICHOLAS CASTRO; (Tax 944422); and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
----------------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

ECF Case

13-cv-04557 (CBA)(JO)

Plaintiff, Patricia Bah, by her attorney Katherine E. Smith, complaining of the defendants, respectfully alleges as follows:

**NATURE OF THE ACTION**

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, by defendants THE CITY OF NEW YORK and P.O.s "JOHN and JANE DOE" #1-10 (collectively "Municipal Defendants"), as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION AND VENUE**

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Patricia Bah ("plaintiff" or "Ms. Bah") is a resident of Richmond County in the City and State of New York.

8. Defendant City of New York ("City") is a municipal corporation organized under the laws of the State of New York.

9. Defendant City, maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of defendant City. The NYPD is responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. Defendant Police Officer MICHAEL FERBER, Tax No. 939155 ("Ferber"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ferber is sued in his individual and official capacities.

11. Defendant Police Officer NICHOLAS CASTRO, Tax 944422 ("Castro"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Castro is sued in his individual and official capacities.

12. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13. At all times hereinafter mentioned, the Municipal Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

14. Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

15. Each and all of the acts of the Municipal Defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

**STATEMENT OF FACTS**

16. At approximately 10:00 p.m. on April 17, 2012, plaintiff was lawfully within her home located at 567 Cary Avenue, Staten Island, New York.

17. Plaintiff is a 60 year old African-American woman, and she has no criminal record.

18. Plaintiff's estranged husband, Salliev Bah, resided with her at the above address.

19. Plaintiff was asleep in her bed when she head knocking on her locked bedroom door.

20. Dressed in only her pajamas, she opened the door and saw six police officers, including defendants Ferber and Castro, pointing guns in her face.

21. The officers, including defendants Ferber and Castro, roughly grabbed her and placed her into handcuffs.

22. Ms. Bah was terrified and in great pain.

23. She explained that the handcuffs were too tight and that they were hurting her greatly. She asked the officers, including defendants Ferber and Castro, to loosen them several times but they refused.

24. The officers, defendants Ferber and Castro, pushed her against a wall, injuring her back.

25. Ms. Bah was under such pain and distress, and she began to experience heart palpitations.

26. The officers, including defendants Ferber and Castro, unlawfully searched her residence and finally removed the handcuffs and left the residence.

27. Plaintiff's arrest was never processed, and she was not charged with any crimes.

28. Plaintiff received medical treatment after the incident for serious injuries to her wrists and back.

29. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

**FIRST CLAIM**

## 42 U.S.C. § 1983  Federal Civil Rights Violations

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

32. All of the aforementioned acts deprived plaintiff Lin of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM
### False Arrest

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause, privilege or consent.

38. As a direct and proximate result of this unlawful conduct, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

41. Plaintiff was conscious of her confinement.

42. Plaintiff did not consent to her confinement.

43. Plaintiff's confinement was not otherwise privileged.

44. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

45. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

58. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

61. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

62. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Negligent Hiring/Training/Retention

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

65. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

66. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

67. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

68. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Intentional Infliction of Emotional Distress

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

71. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

72. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

73. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligent Infliction of Emotional Distress

74. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiff.

76. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

77. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

78. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Deliberate Indifference to Safety/Medical Needs

79. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

80. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

81. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

82. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Failure To Intervene

83. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

84. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

85. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

86. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Unlawful Entry and Search

87. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

88. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search plaintiff's home.

89. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

# PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:  December 9, 2013

New York, New York

                                    _____/s/_____
                                    Katherine E. Smith
                                    495 Henry Street, #159
                                    Brooklyn, NY  11231
                                    Katiesmithnylaw@gmail.com
                                    347-470-3707

                                    *Attorney for plaintiff*